McFaíhAND, J.,
delivered the opinion of the court.
Hopkins began this action before a justice of the peace against Stone. The warrant is in the ordinary form of a replevin warrant for a bay horse — a bond was taken with security, but not in the form required, and no affidavit appears to have been made, as required by law, for the issuance of a replevin warrant. The *192 officer returned the warrant “executed and returned for trial/’ but does not show that the horse was taken out of the possession of the defendant and delivered to the plaintiff. From the subsequent proceedings it appears that this was not done — though the return oi the officer does not show affirmatively either that this was or was not done. The justice gave judgment for the defendant, and the plaintiff appealed to the Circuit Court, taking and subscribing the pauper’s oath, in lieu of an appeal bond.
In the Circuit Court the defendant entered a motion to quash the proceedings before the justice, which was overruled. Upon the trial a verdict was rendered in favor of the plaintiff, assessing his damages for the detention of the horse at 10 cents for the time that the plaintiff had not had the horse sued for, and assessing the value of the horse, with interest, at $29.50. A new trial was refused and judgment entered. From this judgment the defendant, Stone, had appealed in error.
The error relied upon is, in the refusal of the Court to dismiss or quash the proceedings for want of the affidavit required by the statute. If the suit was then being prosecuted as a replevin suit — the property having been taken out of defendant’s possession and delivered to the plaintiff’s — then a motion to dismiss for want of the affidavit should have prevailed — ■ unless an amendment might have been allowed, which we do not decide. But it is provided that “in the event the officer returns that the property has not been taken, the plaintiffs may elect to proceed in case or *193 detinue — and the canse shall then be conducted as if the leading process had been in one of those forms.”
The return of the officer does not in this case, in terms, show that the property was not found, or any reason why it was not taken and delivered to the plaintiff; but we must take the return, in the light of the subsequent proceedings, to mean, that the property was not delivered to the plaintiff under the writ. The motion in the Circuit Court does not show the ground upon which it was made — it was simply a general motion to quash the proceedings, which was overruled. The proper motion would have been to' dismiss the suit for want of the proper affidavit. Upon the assumption that the plaintiff did not get possession of the property under the warrant, then the case was afterwards presented by him as an action for the value of the horse. This he might do, without an affidavit and under the pauper’s oath. Notwithstanding the warrant was in the first instance improperly issued as a replevin warrant, in the event the property is not delivered to the plaintiff, he may elect to proceed in case> and in that event, it proceeds as if the warrant had. originally issued in that form. In this view, there' was no error in refusing to quash the proceedings.
No other error is assigned, and the judgment will be affirmed.